JAMES G. GILLILAND JR. (State Bar No. 107988)
RYAN T. BRICKER (State Bar No. 269100)
ALLISON K. HARMS (State Bar No. 299214)
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:   (415) 576-0300
E-Mail:      jgilliland@kilpatricktownsend.com
             rbricker@kilpatricktownsend.com
             aharms@kilpatricktownsend.com

JOSEPH E. PETERSEN (State Bar No. 304597)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, California  94025
Telephone:  (650) 326-2400
Facsimile:   (650) 326-2422
E-Mail:      jpetersen@kilpatricktownsend.com

Attorneys for Plaintiffs
NFL PROPERTIES LLC, PANTHERS FOOTBALL, LLC D/B/A CAROLINA PANTHERS, and PDB SPORTS, LTD. D/B/A DENVER BRONCOS FOOTBALL CLUB

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NFL PROPERTIES LLC, PANTHERS FOOTBALL, LLC D/B/A CAROLINA PANTHERS, and PDB SPORTS, LTD. D/B/A DENVER BRONCOS FOOTBALL CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  16-cv-00474<br><br>**DOCUMENT FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116**<br><br>[PROPOSED] **TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION** |

1    The request of Plaintiffs NFL Properties LLC ("NFLP"), Panthers Football, LLC d/b/a
2 Carolina Panthers (the "Carolina Panthers"), and PDB Sports, Ltd. d/b/a Denver Broncos Football
3 Club (the "Denver Broncos") (collectively, the "Plaintiffs") for an *Ex Parte* Temporary
4 Restraining Order, Seizure Order for unlicensed merchandise and tickets bearing trademarks
5 owned by Plaintiffs, and Order to Show Cause for Preliminary Injunction, was filed on
6 Wednesday, January 27, 2016, and heard by this Court on Friday, January 29, 2016; and

7    This Court having reviewed the Verified Complaint, the exhibits thereto, and the
8 accompanying affidavits of Anastasia Danias, Senior Vice President and Chief Litigation Officer
9 for the National Football League (the "NFL") and Assistant Secretary of NFLP; Heather
10 Holdridge, an experienced private investigator licensed in California; Wayne Grooms, an
11 experienced private investigator who has participated in the execution of seizure orders at the past
12 twenty Super Bowl games; Todd D. Schoenberger, Special Agent for the United States
13 Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland
14 Security Investigations ("HSI"), assigned to the San Jose Field Office, within the Area of
15 Responsibility of the Office of the Special Agent in Charge, San Francisco; Richard Bailey,
16 Financial Crimes Detective with the Santa Clara Police Department; Jose A. Martinez, Detective
17 Police Officer with the San Jose Police Department; and Joseph Petersen, Esq.; and other papers
18 filed, hereby finds:

19    1.   Plaintiffs have demonstrated that they are entitled to injunctive relief by establish-
20 ing that they are likely to succeed on the merits of their claims, that they will suffer irreparable
21 harm, that the balance of equities decidedly tips in their favor, and that the requested relief is in
22 the public interest.

23    2.   Plaintiffs have shown a substantial likelihood of prevailing on the merits of their
24 claims that Defendants have used counterfeit and infringing marks in connection with the produc-
25 tion, offering for sale, distribution, or sale of items, in violation of the rights of Plaintiffs under the
26 Lanham Act and under the laws of the State of California.

27 / / /
28 / / /

3. The Carolina Panthers and the Denver Broncos will compete in the Super Bowl championship game, scheduled to be played on Sunday, February 7, 2016, at Levi's® Stadium in Santa Clara, California.

4. Before, during, and after the Super Bowl game, numerous related events will take place in the counties of Santa Clara, San Francisco, Alameda, and San Mateo (collectively "Bay Area Counties").

5. The Super Bowl 50 game has received intense media coverage and Plaintiffs' trademarks, including those of NFLP, the Carolina Panthers, the Denver Broncos, and the other NFL Member Clubs (as defined in Plaintiffs' Verified Complaint), have received extensive exposure in the Bay Area Counties.

6. Plaintiffs have adopted and used in commerce certain trademarks that are widely recognized by the public, including, but not limited to: NATIONAL FOOTBALL LEAGUE, NFL, the NFL Shield Design (including both current and earlier versions), SUPER BOWL, 50, the SUPER BOWL 50 Design, SUPER SUNDAY, ON THE FIFTY, VINCE LOMBARDI TROPHY, the VINCE LOMBARDI TROPHY Design, AMERICAN FOOTBALL CONFERENCE, AFC, the AFC Design (including both current and earlier versions), the AFC Champion Trophy Design, NATIONAL FOOTBALL CONFERENCE, NFC, the NFC Design, the NFC Champion Trophy Design, NFL EXPERIENCE, BACK TO FOOTBALL, the BACK TO FOOTBALL Design, TOGETHER WE MAKE FOOTBALL, NFL NETWORK, the NFL NETWORK Design, NFL ON LOCATION, NFL SHOP, NFL TICKET EXCHANGE, ON FIELD, PRO BOWL, SUNDAY NIGHT FOOTBALL, MONDAY NIGHT FOOTBALL, TASTE OF THE NFL, CAROLINA PANTHERS, PANTHERS, BELONG, TWO STATES. ONE TEAM., KEEP POUNDING, the PANTHERS Design, the PANTHERS Stylized Design, the CAROLINA PANTHERS Uniform Designs, DENVER BRONCOS, BRONCOS, BRONCOS COUNTRY, MILE HIGH MAGIC, MILES, ORANGE SUNDAY, ORANGE CRUSH, the BRONCOS Designs, the D & Horse Design, the Football Player On Bronco Design, the BRONCOS Horse Riding Design, the BRONCOS Twisting Horse Design, the Twisting Horse Design, the BRONCOS Mascot Design, the DENVER BRONCOS Uniform Designs, and the DENVER BRONCOS Helmet Designs

(including both current and historic versions), among others (collectively along with the other NFLP, NFL, and Member Club word and design trademarks herein, the "NFL Trademarks").

7. Plaintiffs have registered certain of their NFL Trademarks with the United States Patent and Trademark Office and/or with California Secretary of State.

8. Plaintiff NFLP, a wholly owned subsidiary of NFL Ventures, L.P., which is an affiliate under common control with the NFL, owns all of the NFL's trademarks, names, logos, symbols, slogans, and other identifying marks and indicia (both registered and unregistered) and is responsible for licensing and protecting the same. NFLP is also the authorized representative of the NFL's 32 Member Clubs, including the Carolina Panthers and the Denver Broncos with respect to the licensing and protection of their trademarks, names, logos, symbols, slogans, and other identifying marks and indicia. Thus, NFLP has authority to license the use of the NFL Trademarks on tickets and on a wide variety of goods, including apparel such as t-shirts, garments and hats, souvenir items such as pennants, novelty items and games, and many other products, and NFLP has licensed third parties to use said trademarks on such merchandise under strict quality control standards.

9. Defendants are not licensed or authorized by NFLP to use the NFL Trademarks on merchandise or to manufacture, issue, and/or sell tickets for the Super Bowl 50 game.

10. Defendants are and/or will be in the Bay Area Counties between 12:00 p.m. on Thursday, February 4, 2016, and Monday, February 8, 2016, at 5:00 p.m., for the purpose of manufacturing, distributing, offering for sale, selling, and advertising unauthorized sales of unlicensed, counterfeit souvenir merchandise ("Counterfeit Merchandise") and unlicensed, unredeemable counterfeit tickets ("Counterfeit Tickets") bearing the NFL Trademarks.

11. Defendants' unlawful activities are likely to cause public confusion, mistake, or deception, causing immediate and irreparable harm to Plaintiffs.

12. Plaintiffs will incur immediate and irreparable injury and have no adequate remedy at law if this Court declines to grant an injunction.

13. Unless the requested order is granted, Plaintiffs will have no adequate remedy at law and will suffer immediate and irreparable harm in the form of infringement of the Plaintiffs'

trademarks, injury to reputation and property rights, and decreased sales of licensed merchandise before, during, and/or after the Super Bowl 50 game caused by unauthorized sales of Counterfeit Merchandise and Counterfeit Tickets.

14. An order other than an *ex parte* seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

15. Should this Court decline to grant Plaintiffs' application, the harm to Plaintiffs clearly outweighs any harm which Defendants may incur, because Defendants have no legitimate rights to use the NFL Trademarks in connection with Counterfeit Merchandise and Counterfeit Tickets or otherwise, Defendants have not requested permission from Plaintiffs to use the NFL Trademarks, and Plaintiffs have not consented to such use.

16. This Court believes that it is in the public interest that Counterfeit Merchandise, Counterfeit Tickets, and otherwise infringing merchandise be removed from sale to unsuspecting consumers.

17. Plaintiffs have shown that notice need not be given of this Order because a temporary restraining order on notice to the Defendants would be inadequate to protect the Plaintiffs' interests. If notified of an impending injunctive order, Defendants are likely to retain the Counterfeit Merchandise and Counterfeit Tickets by hiding, transferring to their cohorts, or destroying the Counterfeit Merchandise and Counterfeit Tickets.

18. Plaintiffs also have shown that notice need not be given of this Order because Defendants—the vendors and manufacturers of the Counterfeit Merchandise and Counterfeit Tickets (and their cohorts)—have no business identities before or after the Super Bowl 50 week and cannot be identified, located, or notified of the request for the temporary restraining order and order of delivery, seizure, and impoundment.

19. Plaintiffs have indicated their willingness and ability to provide a $75,000 bond to the Court in conjunction with the requested *Ex Parte* Temporary Restraining Order and Seizure Order.

20. The entry of an *Ex Parte* Temporary Restraining Order and Seizure Order will serve to adequately achieve the objectives underlying the federal trademark law of the United

States of America and the statutory and common law trademark and unfair competition laws of the State of California.

21. The matter subject to said *Ex Parte* Temporary Restraining Order and Seizure Order will be located in the Bay Area Counties.

22. Plaintiffs have not publicized that they are seeking the relief requested in the requested Order.

23. Plaintiffs, via their outside counsel, by letter dated January 15, 2016, have notified the United States Attorney for the Northern District of California of their intention to file this action and seek an *Ex Parte* Order pursuant to 15 U.S.C. § 1116(d).

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Application for an *Ex Parte* Temporary Restraining Order, Seizure Order, and Order to Show Cause for Preliminary Injunction is hereby granted; and it is further

ORDERED that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are hereby enjoined and restrained from:

(a) Manufacturing, distributing, offering for sale, selling, and/or advertising any articles of merchandise or tickets bearing the trademarks of NFLP, NFL and the Member Clubs, or reproductions thereof, including, but not limited to the following:

- NATIONAL FOOTBALL LEAGUE;
- NFL;
- the NFL Shield Designs (including both current and earlier versions), as depicted on Exhibit 1 hereto;
- SUPER BOWL;
- 50;
- the Super Bowl 50 Design (National), as depicted on Exhibit 1 hereto;
- the Super Bowl 50 Design (Regional), as depicted on Exhibit 1 hereto;
- SUPER SUNDAY;
- ON THE FIFTY;

1. • VINCE LOMBARDI TROPHY;
2. • the VINCE LOMBARDI TROPHY Design, as depicted on Exhibit 1 hereto;
3. • AMERICAN FOOTBALL CONFERENCE;
4. • AFC;
5. • the AFC Design (including both current and earlier versions), as depicted on
6.    Exhibit 1 hereto;
7. • the AFC Champion Trophy Design, as depicted on Exhibit 1 hereto;
8. • NATIONAL FOOTBALL CONFERENCE;
9. • NFC;
10. • the NFC Design (including both current and earlier versions), as depicted on
11.    Exhibit 1 hereto;
12. • the NFC Champion Trophy Design, as depicted on Exhibit 1 hereto;
13. • NFL EXPERIENCE;
14. • NFL NETWORK;
15. • NFL NETWORK Design;
16. • NFL ON LOCATION;
17. • NFL SHOP;
18. • NFL TICKET EXCHANGE;
19. • ON FIELD;
20. • BACK TO FOOTBALL;
21. • BACK TO FOOTBALL Design;
22. • SUNDAY NIGHT FOOTBALL;
23. • MONDAY NIGHT FOOTBALL;
24. • TOGETHER WE MAKE FOOTBALL;
25. • PRO BOWL;
26. • TASTE OF THE NFL;
27. • CAROLINA PANTHERS; PANTHERS; BELONG; TWO STATES. ONE TEAM.; KEEP POUNDING; the PANTHERS
28.

      Design, as depicted on Exhibit 2 hereto; the PANTHERS Stylized Design, as depicted on Exhibit 2 hereto;

- DENVER BRONCOS; BRONCOS; BRONCOS COUNTRY; MILE HIGH MAGIC; MILES; ORANGE SUNDAY; ORANGE CRUSH; the BRONCOS Designs, as depicted on Exhibit 2 hereto; the D & Horse Design, as depicted on Exhibit 2 hereto; the Football Player On Bronco Design, as depicted on Exhibit 2 hereto; the BRONCOS Horse Riding Design, as depicted on Exhibit 2 hereto; the BRONCOS Twisting Horse Design, as depicted on Exhibit 2 hereto; the Twisting Horse Design, as depicted on Exhibit 2 hereto; the BRONCOS Mascot Design, as depicted on Exhibit 2 hereto;

- the CAROLINA PANTHERS Uniform Designs, as depicted on Exhibit 2 hereto;

- the DENVER BRONCOS Uniform Designs, as depicted on Exhibit 2 hereto; the DENVER BRONCOS Helmet Designs (both current and historic), as depicted on Exhibit 2 hereto; and

- the full team names, logos, and related marks of any Member Club of the National Football League (including, but not limited to, the Carolina Panthers and the Denver Broncos); or

      (b)      Representing that any articles of merchandise or tickets manufactured, distributed, offered for sale, or sold or advertised by Defendants are sponsored or licensed or are authorized by or originate with NFLP, the NFL, or any of the Members Clubs including the Carolina Panthers and the Denver Broncos, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin or sponsorship of such goods or tickets, unless such articles of merchandise have been licensed by Plaintiffs; or from taking any actions infringing any of Plaintiffs' trademark or other property rights, or from assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to herein; and it is further

      ORDERED that an on-duty agent from the Department of Homeland Security and/or other duly authorized law enforcement officer(s) from the Santa Clara, San Jose, and, as available, other Bay Area Counties' Police Departments, are hereby authorized to take delivery by way of a seizure and impoundment pursuant to this Order, and to deliver to Plaintiffs any and all Counterfeit Merchandise or Counterfeit Tickets which Defendants attempt to manufacture or sell, or are holding for sale, or are maintaining in their warehouse or other places of business, or any devices used to produce or reproduce such Counterfeit Merchandise or Counterfeit Tickets,

1  including, without limitation, silk screens, molds, printers, matrices, or heat transfers, in the

2  possession, custody, or control of Defendants, pending further orders of this Court, and that the

3  delivery, seizure, and impoundment shall take place at all locations within the Bay Area Counties

4  where Counterfeit Merchandise and/or Counterfeit Tickets are sold, offered for sale, distributed,

5  transported, manufactured, and/or stored; and it is further

6  ORDERED that the Seizure Order described in the preceding paragraph is effective

7  beginning at 12:00 p.m. on Thursday, February 4, 2016, and shall remain in effect through and

8  including Monday, February 8, 2016, at 5:00 p.m., or as extended by further Order of the Court;

9  and it is further

10  ORDERED that service on named Defendants may be made by personal service of a

11  Summons, together with a copy of the Verified Complaint, without exhibits, and a copy of this

12  Order; and each unnamed Defendant shall be served with a copy of the Verified Complaint, with-

13  out exhibits, and a copy of this Order at any time during the pendency of the Order, specifically

14  including, without limitation, Sunday, February 7, 2016 (the day of the Super Bowl 50 game), by

15  an agent from the Department of Homeland Security, or other appropriate law enforcement officer

16  having jurisdiction in the locale in which the Counterfeit Merchandise or Counterfeit Tickets are

17  located, and NFLP's duly authorized representative private investigators, Heather Holdridge and

18  Wayne Grooms, or any trained person acting under their supervision, direction, and control, with

19  proof of service to be filed in these proceedings.  Such service shall make the person or entity

20  served an additional Defendant to this case.  The Court makes clear, however, that service of this

21  Order must be made by an on-duty federal, state or local law enforcement officer as specified in

22  p.7 above, and the service of this Order must be made before any delivery, seizure, or

23  impoundment is executed pursuant to this Order.  Defendants may contact Joseph E. Petersen of

24  Kilpatrick Townsend & Stockton LLP, 1080 Marsh Road, Menlo Park, California 94025,

25  telephone (650) 326-2400, or Ryan Bricker of Kilpatrick Townsend & Stockton LLP, Eighth

26  Floor, Two Embarcadero Center, San Francisco, California 94111, telephone (415) 576-0200,

27  during any weekday from the hours of 9:00 a.m. to 5:00 p.m., to obtain a complete set of motion

28  papers and affidavits without charge; and it is further

1    ORDERED that if it is ascertained that Counterfeit Merchandise or Counterfeit Tickets are
2 present, all persons empowered to execute this Order are permitted to take physical custody of the
3 Counterfeit Merchandise or Counterfeit Tickets through reasonable means to effectuate and
4 accomplish the Order herein.  Persons executing said Order are authorized to obtain samples,
5 photographs, and other evidence of infringing goods and the circumstances of the sale or
6 distribution of said goods; and it is further

7    ORDERED that a written receipt for any merchandise or ticket seized shall be given to
8 the person from whom the goods are taken.  Such seized items shall be kept in suitable containers
9 identified with the receipts given, shall be kept safely in the custody and control of the Plaintiffs,
10 and shall be made available to the Court at any hearing to confirm or challenge a seizure; and it is
11 further

12    ORDERED that, as a condition to the effectiveness of the restraining aspects of this Order,
13 Plaintiffs shall post a bond in a form satisfactory to the Clerk in the amount of $75,000.00,
14 securing Defendants against their costs and damages if it is found that they have been wrongfully
15 restrained.  Said security is to be filed within seventy-two (72) hours of this Order; and it is further

16    ORDERED that Defendants shall cooperate with the appropriate law enforcement officials
17 executing this Order, and shall provide the items sought to be seized from wherever such items are
18 maintained; and it is further

19    ORDERED that Defendants are hereby required to provide the persons executing this
20 Order with correct names, residential and business addresses, and telephone numbers; and it is
21 further

22    ORDERED that items seized from any Defendant shall be disposed of by Plaintiffs upon
23 further Order of this Court by destroying it, donating it to charity, or making such other disposi-
24 tion as appears appropriate; and it is further

25    ORDERED that Defendants shall show cause on the 12th day of February 2016 at
26 2:00 p.m., or as soon thereafter as counsel can be heard, in Courtroom 6 of the United States
27 District Court for the Northern District of California, 450 Golden Gate Avenue, 17th Floor, San
28 Francisco, California 94102, why an order should not issue preliminarily enjoining Defendants

from the acts temporarily restrained herein at pp. 5-7, and confirming the seizure order authorized herein; and at said hearing proof may be adduced by the Verified Complaint and declarations, or by proof as in ordinary basis; and it is further

ORDERED that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Kilpatrick Townsend & Stockton LLP, Eighth Floor, 1080 Marsh Road, Menlo Park, California 94025, Attention: Joseph E. Petersen, before 5:00 p.m. on February 8th, 2016. Any reply shall be filed and served by Plaintiffs by 5:00 p.m. on February 10, 2016; and it is further

ORDERED that this action shall remain sealed by the Court until further Order from this Court; and it is finally

ORDERED that this Order shall remain in effect until further Order of the Court.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the requested-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this 2nd day of February, 2016, at 9:55 a.m.

_____
JAMES DONATO
United States District Judge