JAMES G. GILLILAND JR. (State Bar No. 107988)
RYAN T. BRICKER (State Bar No. 269100)
ALLISON K. HARMS (State Bar No. 299214)
KILPATRICK TOWNSEND & STOCKTON LLP
Eighth Floor, Two Embarcadero Center
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
E-Mail: jgilliland@kilpatricktownsend.com
rbricker@kilpatricktownsend.com
aharms@kilpatricktownsend.com

JOSEPH E. PETERSEN (State Bar No. 304597)
KILPATRICK TOWNSEND & STOCKTON LLP
1080 Marsh Road
Menlo Park, California 94025
Telephone: (650) 326-2400
Facsimile: (650) 326-2422
E-Mail: jpetersen@kilpatricktownsend.com

Attorneys for Plaintiffs
NFL PROPERTIES LLC, PANTHERS FOOTBALL, LLC D/B/A CAROLINA PANTHERS, and PDB SPORTS, LTD. D/B/A DENVER BRONCOS FOOTBALL CLUB

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NFL PROPERTIES LLC, PANTHERS FOOTBALL, LLC D/B/A CAROLINA PANTHERS, and PDB SPORTS, LTD. D/B/A DENVER BRONCOS FOOTBALL CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>FELANNIA HUMPHRIES, CHRISTOPHE DION DUCKETT, RAMON HERNANDEZ JR., NIGEL PIERS NELSON, DOE 3, and DOES 6 through 100, inclusive,<br><br>Defendants. | Case No. 3:16-cv-00474-CRB *SEALED*<br><br>**PRELIMINARY INJUNCTION**<br><br>Complaint Filed: January 27, 2016<br>Trial Date: Not Yet Set |

**[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116]**

[PROPOSED] ORDER RE PRELIMINARY INJUNCTION
Case No. 3:16-cv-00474-CRB *SEALED*

The request of Plaintiffs NFL Properties LLC ("NFLP"), Panthers Football, LLC d/b/a Carolina Panthers (the "Carolina Panthers"), and PDB Sports, Ltd. d/b/a Denver Broncos Football Club (the "Denver Broncos") (collectively, the "Plaintiffs") for an *Ex Parte* Temporary Restraining Order, Seizure Order for unlicensed merchandise and tickets bearing trademarks owned by Plaintiffs, and Order to Show Cause for Preliminary Injunction, was presented to this Court on Friday, January 29, 2016;

This Court having entered an *Ex Parte* Order on February 2, 2016 (the "February 2, 2016 Order"), granting the Temporary Restraining Order and Seizure Order for unlicensed merchandise and tickets bearing trademarks owned by Plaintiffs, and ordering Defendants Felannia Humphries, Christophe Dion Duckett, Ramon Hernandez Jr., Nigel Piers Nelson, DOE 3, and DOES 6 through 100, inclusive (collectively referred to as "Defendants"), to show cause why an Order should not be entered (i) preliminarily enjoining Defendants from the acts temporarily restrained in the February 2, 2016 Order, and (ii) confirming the seizures made pursuant to the February 2, 2016 Order; and

On presentation and consideration of the Verified Complaint, the exhibits thereto, and the accompanying declaration of Anastasia Danias, Senior Vice President and Chief Litigation Officer for the National Football League (the "NFL") and Assistant Secretary of NFLP, sworn to on January 27, 2016; declarations of Heather Holdridge, an experienced private investigator licensed in California, sworn to on January 25, 2016 and February 11, 2016; declaration of Wayne Grooms, an experienced private investigator who has participated in the execution of seizure orders at the past twenty Super Bowl games; declaration of Todd D. Schoenberger, Special Agent for the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), assigned to the San Jose Field Office, within the Area of Responsibility of the Office of the Special Agent in Charge, San Francisco; declaration of Richard Bailey, Financial Crimes Detective with the Santa Clara Police Department; declaration of Jose A. Martinez, Detective Police Officer with the San Jose Police Department; and declaration of Joseph Petersen, Esq.; and based on all other pleadings and proceedings presented to the Court, the Court hereby finds:

1. Plaintiffs have demonstrated that they are entitled to preliminary injunctive relief by establishing that they are likely to succeed on the merits of their claims, that they are suffering irreparable harm, that the balance of equities decidedly tips in their favor, and that the requested relief is in the public interest.

2. Plaintiffs have shown a substantial likelihood of prevailing on the merits of their claims that Defendants have used counterfeit and infringing marks in connection with the production, offering for sale, distribution, or sale of items, in violation of the rights of Plaintiffs under the Lanham Act and under the laws of the State of California.

3. The Carolina Panthers and the Denver Broncos competed in the Super Bowl championship game on Sunday, February 7, 2016, at Levi's® Stadium in Santa Clara, California.

4. Before, during, and after the Super Bowl game, numerous related events took place in the counties of Santa Clara, San Francisco, Alameda, and San Mateo (collectively "Bay Area Counties").

5. The Super Bowl 50 game received intense media coverage and Plaintiffs' trademarks, including those of NFLP, the Carolina Panthers, the Denver Broncos, and the other NFL Member Clubs (as defined in Plaintiffs' Verified Complaint), received extensive exposure in the Bay Area Counties.

6. Plaintiffs have adopted and used in commerce certain trademarks that are widely recognized by the public, including, but not limited to: NATIONAL FOOTBALL LEAGUE, NFL, the NFL Shield Design (including both current and earlier versions), SUPER BOWL, 50, the SUPER BOWL 50 Design, SUPER SUNDAY, ON THE FIFTY, VINCE LOMBARDI TROPHY, the VINCE LOMBARDI TROPHY Design, AMERICAN FOOTBALL CONFERENCE, AFC, the AFC Design (including both current and earlier versions), the AFC Champion Trophy Design, NATIONAL FOOTBALL CONFERENCE, NFC, the NFC Design, the NFC Champion Trophy Design, NFL EXPERIENCE, BACK TO FOOTBALL, the BACK TO FOOTBALL Design, TOGETHER WE MAKE FOOTBALL, NFL NETWORK, the NFL NETWORK Design, NFL ON LOCATION, NFL SHOP, NFL TICKET EXCHANGE, ON FIELD, PRO BOWL, SUNDAY NIGHT FOOTBALL, MONDAY NIGHT FOOTBALL, TASTE OF THE NFL, CAROLINA

PANTHERS, PANTHERS, BELONG, TWO STATES. ONE TEAM., KEEP POUNDING, the PANTHERS Design, the PANTHERS Stylized Design, the CAROLINA PANTHERS Uniform Designs, DENVER BRONCOS, BRONCOS, BRONCOS COUNTRY, MILE HIGH MAGIC, MILES, ORANGE SUNDAY, ORANGE CRUSH, the BRONCOS Designs, the D & Horse Design, the Football Player On Bronco Design, the BRONCOS Horse Riding Design, the BRONCOS Twisting Horse Design, the Twisting Horse Design, the BRONCOS Mascot Design, the DENVER BRONCOS Uniform Designs, and the DENVER BRONCOS Helmet Designs (including both current and historic versions), among others (collectively along with the other NFLP, NFL, and Member Club word and design trademarks herein, the "NFL Trademarks").

7. Plaintiffs have registered certain of their NFL Trademarks with the United States Patent and Trademark Office and/or with California Secretary of State.

8. Plaintiff NFLP, a wholly-owned subsidiary of NFL Ventures, L.P., which is an affiliate under common control with the NFL, owns all of the NFL's trademarks, names, logos, symbols, slogans, and other identifying marks and indicia (both registered and unregistered) and is responsible for licensing and protecting the same. NFLP is also the authorized representative of the NFL's thirty-two Member Clubs, including the Carolina Panthers and the Denver Broncos with respect to the licensing and protection of their trademarks, names, logos, symbols, slogans, and other identifying marks and indicia. Thus, NFLP has authority to license the use of the NFL Trademarks on tickets and on a wide variety of goods, including apparel such as t-shirts, garments and hats, souvenir items such as pennants, novelty items and games, and many other products, and NFLP has licensed third parties to use said trademarks on such merchandise under strict quality control standards.

9. Defendants, Felannia Humphries, Christophe Dion Duckett, Ramon Hernandez Jr., Nigel Piers Nelson, DOE 3, and DOES 6 through 100, inclusive, are not, and have never been, licensed or authorized by NFLP to use the NFL Trademarks on merchandise or to manufacture, issue, and/or sell tickets for the Super Bowl 50 game.

10. Plaintiffs have shown a substantial likelihood of succeeding in demonstrating that before, during, and after the Super Bowl 50 game, Defendants in the Bay Area Counties

manufactured, distributed, offered for sale, sold, and advertised unauthorized sales of unlicensed, counterfeit souvenir merchandise ("Counterfeit Merchandise") and unlicensed, unredeemable counterfeit tickets ("Counterfeit Tickets") bearing the NFL Trademarks, including, but not limited to, the Counterfeit Merchandise and Counterfeit Tickets seized from Defendants by Plaintiffs' investigative representatives (while accompanied by duly authorized law enforcement agents) pursuant to the February 2, 2016 Order (the "Seized Items"), as reflected in Exhibit 1 (identifying the Seized Items, the Defendants from whom the Seized Items were seized, the location of the seizure, and the Defendants' purported physical addresses (when stated by a Defendant)).

11. Plaintiffs have shown a substantial likelihood of succeeding in demonstrating that the Seized Items are goods bearing "counterfeit marks" within the meaning of 15 U.S.C. § 1116(d).

12. Plaintiffs have further shown a substantial likelihood of succeeding in demonstrating that Defendants will continue to engage in this unlawful activity, including, but not limited to, the continued sale of Counterfeit Merchandise in the Bay Area Counties, if not enjoined by this Court.

13. Defendants' unlawful activities likely have caused, and are likely to further cause, public confusion, mistake, or deception, causing immediate and irreparable harm to Plaintiffs.

14. Unless the requested Preliminary Injunction is granted, Plaintiffs will have no adequate remedy at law and will suffer immediate and irreparable harm in the form of infringement of the Plaintiffs' trademarks, injury to reputation and property rights, and decreased sales of licensed Super Bowl 50 merchandise.

15. Should this Court decline to grant Plaintiffs' request for a Preliminary Injunction, the harm to Plaintiffs would clearly outweigh any harm which Defendants may incur, because Defendants have no legitimate rights to use the NFL Trademarks in connection with Counterfeit Merchandise and Counterfeit Tickets or otherwise, Defendants have not requested permission from Plaintiffs to use the NFL Trademarks, and Plaintiffs have not consented to such use.

/ / /

/ / /

16. This Court believes that it is in the public interest that Counterfeit Merchandise, Counterfeit Tickets, and otherwise infringing merchandise be removed from sale to unsuspecting consumers.

17. Entry of an order other than the requested Preliminary Injunction would not adequately achieve the objectives underlying the federal trademark law of the United States of America and the statutory and common law trademark and unfair competition laws of the State of California.

18. Plaintiffs have provided adequate security by posting a $75,000 bond to the Court in conjunction with the February 2, 2016 Order.

19. All Defendants identified in Exhibit 1 were properly served with the Verified Complaint, Summons, and the February 2, 2016 Order (and were provided with directions for obtaining from Plaintiffs' counsel, at no charge, Plaintiffs' supporting papers and the exhibits to the Verified Complaint), and were thereby notified of the show cause hearing held in this Court on February 12, 2016.

20. None of the Defendants have filed a response to Plaintiffs' moving papers or otherwise appeared in this action.

THEREFORE, IT IS HEREBY ORDERED that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are hereby preliminarily enjoined and restrained from:

(a) Manufacturing, distributing, offering for sale, selling, and/or advertising any articles of merchandise or tickets bearing the trademarks of NFLP, NFL, and the Member Clubs, or reproductions thereof, including, but not limited, to the following:

- NATIONAL FOOTBALL LEAGUE;
- NFL;
- the NFL Shield Designs (including both current and earlier versions), as depicted on Exhibit 2 hereto;
- SUPER BOWL;
- 50;

- the Super Bowl 50 Design (National), as depicted on Exhibit 2 hereto;
- the Super Bowl 50 Design (Regional), as depicted on Exhibit 2 hereto;
- SUPER SUNDAY;
- ON THE FIFTY;
- VINCE LOMBARDI TROPHY;
- the VINCE LOMBARDI TROPHY Design, as depicted on Exhibit 2 hereto;
- AMERICAN FOOTBALL CONFERENCE;
- AFC;
- the AFC Design (including both current and earlier versions), as depicted on Exhibit 2 hereto;
- the AFC Champion Trophy Design, as depicted on Exhibit 2 hereto;
- NATIONAL FOOTBALL CONFERENCE;
- NFC;
- the NFC Design (including both current and earlier versions), as depicted on Exhibit 2 hereto;
- the NFC Champion Trophy Design, as depicted on Exhibit 2 hereto;
- NFL EXPERIENCE;
- NFL NETWORK;
- NFL NETWORK Design;
- NFL ON LOCATION;
- NFL SHOP;
- NFL TICKET EXCHANGE;
- ON FIELD;
- BACK TO FOOTBALL;
- BACK TO FOOTBALL Design;
- SUNDAY NIGHT FOOTBALL;
- MONDAY NIGHT FOOTBALL;
- TOGETHER WE MAKE FOOTBALL;

- PRO BOWL;

- TASTE OF THE NFL;

- CAROLINA PANTHERS; PANTHERS; BELONG; TWO STATES. ONE TEAM.; KEEP POUNDING; the PANTHERS Design, as depicted on Exhibit 3 hereto; the PANTHERS Stylized Design, as depicted on Exhibit 3 hereto;

- DENVER BRONCOS; BRONCOS; BRONCOS COUNTRY; MILE HIGH MAGIC; MILES; ORANGE SUNDAY; ORANGE CRUSH; the BRONCOS Designs, as depicted on Exhibit 3 hereto; the D & Horse Design, as depicted on Exhibit 3 hereto; the Football Player On Bronco Design, as depicted on Exhibit 3 hereto; the BRONCOS Horse Riding Design, as depicted on Exhibit 3 hereto; the BRONCOS Twisting Horse Design, as depicted on Exhibit 3 hereto; the Twisting Horse Design, as depicted on Exhibit 3 hereto; the BRONCOS Mascot Design, as depicted on Exhibit 3 hereto;

- the CAROLINA PANTHERS Uniform Designs, as depicted on Exhibit 3 hereto;

- the DENVER BRONCOS Uniform Designs, as depicted on Exhibit 3 hereto; the DENVER BRONCOS Helmet Designs (both current and historic), as depicted on Exhibit 3 hereto; and

- the full team names, logos, and related marks of any Member Club of the National Football League (including, but not limited to, the Carolina Panthers and the Denver Broncos); or

(b)     Representing that any articles of merchandise or tickets manufactured, distributed, offered for sale, or sold or advertised by Defendants are sponsored or licensed or are authorized by or originate with NFLP, the NFL, or any of the Members Clubs including the Carolina Panthers and the Denver Broncos, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of the public as to the origin or sponsorship of such goods or tickets, unless such articles of merchandise have been licensed by Plaintiffs; or from taking any actions infringing any of Plaintiffs' trademark or other property rights, or from assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to herein; and it is further

ORDERED that the seizures described herein, conducted pursuant to the February 2, 2016 Order, are hereby confirmed; and it is further

/ / /

/ / /

1  ORDERED that Plaintiffs shall serve this Preliminary Injunction (and any other papers
2 filed in this action) by mail upon Defendants at their addresses listed in Exhibit 1, which shall
3 constitute effective service; and it is further

4  ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs'
5 counsel, any Defendant may, upon proper showing, appear and move for the dissolution or
6 modification of the provisions of this Preliminary Injunction; and it is further

7  ORDERED that the February 2, 2016 Order shall be modified to unseal this action upon
8 execution of this Preliminary Injunction; and it is finally

9  ORDERED that this Preliminary Injunction shall remain in effect until disposition of this
10 action.

11  SIGNED this 12th day of February, 2016, at 2:13 p.m.

_____
United States District Judge