IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NFL PROPERTIES LLC et al,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FELANNIA HUMPHRIES et al,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | No. C 16–474 CRB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

　　　Plaintiffs NFL Properties, LLC ("NFLP"), Panthers Football, LLC d/b/a Carolina Panthers (the "Carolina Panthers"), and PDB Sports, Ltd. d/b/a Denver Broncos Football Club (the "Denver Broncos") (collectively "Plaintiffs"), filed this federal and state trademark infringement action to address allegedly counterfeit tickets and merchandise sold in the weeks before and after the 2016 Super Bowl. See generally Motion (dkt. 4).  The Court entered a Temporary Restraining Order and Seizure Order.  See Orders (dkts. 12 and 13). The Court also entered a preliminary injunction and confirmed the seizure of goods recovered from four named Defendants: Nigel Nelson, Ramon Gernandez, Chrisphe Duckett, and Felannia Humphries.  See Order (dkt. 26).

　　　Now, Plaintiffs move for default judgment.  See Motion (dkt. 34).  Plaintiffs have served Defendants, see Proof of Service (dkt. 30-3), and the Clerk of Court has entered default, see Entry of Default (dkt. 31).  Plaintiffs do not request damages or permanent injunctive relief against Defendants—they only request permission to dispose of the

counterfeit items they have seized and also request exoneration of their bond. See Motion (dkt. 34) at 3. The Court has reviewed Plaintiffs' motion and has given Defendants an opportunity to respond in writing and to appear at a hearing on May 6, 2016. See Minute Entry (dkt. 34). Defendants have not responded or appeared. See Minute Entry (dkt. 38). For the reasons outlined below, the Court GRANTS Plaintiffs' motion for default judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiffs received a temporary restraining order and ex parte seizure order to combat counterfeiting at the 2016 Super Bowl. See Orders (dkts. 12 and 13). This Court entered a preliminary injunction and confirmed the seizure of goods recovered from the four named Defendants. See Order (dkt. 26). Plaintiffs now move for default judgment. See Motion.

### A. The Super Bowl and Plaintiffs' Trademarks

Plaintiffs own the NFL trademarks, names, logos, symbols, slogans, and identifying marks used in connection with the 2016 Super Bowl (the "NFL trademarks"). See Mot. at 4. Plaintiffs have identified dozens of these NFL trademarks and provided documentation on their registration with the Trademark Office. See Danias Decl. Exs. 1 and 2 (dkts. 5-6–5-9). Plaintiffs license numerous companies to produce and sell merchandise bearing these NFL trademarks. See Danias Decl. ¶ 14–18. According to Plaintiffs, this merchandise is produced under strict guidelines to promote the NFL's image and to provide the public with a quality product. See Danias Decl. ¶ 15–16.

### B. Counterfeiting at the Super Bowl

Plaintiffs assert that every Super Bowl attracts a high number of professional counterfeiters who sell (a) counterfeit merchandise and (b) unredeemable counterfeit tickets that infringe on the NFL trademarks. See Grooms Decl. ¶ 8; Holdrige Decl. ¶ 7. These professional counterfeiters take steps to conceal their identities through the use of middlemen and by transferring or destroying merchandise upon detection. See Danias Decl. ¶ 33. Grooms Decl. ¶ 13. Plaintiffs thus contended that the only effective way to combat these

---

[1] Upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

2

professional counterfeiters is to seize their goods and tickets at the point of sale. See Danias Decl.¶¶ 31–35; Grooms Decl. ¶¶ 11–13; Holdridge Decl. ¶¶ 9–11.

According to Plaintiffs, courts have granted them seizure orders to combat counterfeiting in connection with the past thirty-three Super Bowl games. See Danias Decl. ¶¶ 30–31, 35. To that end, Plaintiffs requested and this Court granted a Temporary Restraining Order, Seizure Order, and Order to Show Cause for a Preliminary Injunction to combat allegedly counterfeit tickets and merchandise sold around the 2016 Super Bowl. See generally Motion (dkt. 4); Orders (dkts. 12 and 13). The Court also entered a preliminary injunction and confirmed the seizure of goods recovered from four named Defendants: Nigel Nelson, Ramon Gernandez, Chrisphe Duckett, and Felannia Humphries. See Order (dkt. 26).

### C. Seizures at the Super Bowl

Plaintiffs have submitted a declaration from Heather Holdridge, a private investigator, stating that law enforcement collected 82 counterfeit items of merchandise at the 2016 Super Bowl. See Holdrige Decl. at 3. According to that declaration, Defendant Humphries was found with eight counterfeit ticket holders, Defendant Duckett was found with 26 counterfeit ticket holders, Defendant Hernandez was found with 12 counterfeit t-shirts, and Defendant Nelson was found with 35 counterfeit scarves and a counterfeit NFL credential. See Holdridge Decl., Ex. 2.

Now, the Plaintiffs move for default judgment. See Motion (dkt. 34). Plaintiffs have served Defendants, see Proof of Service (dkt. 30-3), and the Clerk of Court has entered default, see Entry of Default (dkt. 31). Plaintiffs do not request damages or permanent injunctive relief against Defendants—they only request permission to dispose of the counterfeit items they have seized and also request exoneration of their bond. See Motion (dkt. 34) at 3. The Court has reviewed Plaintiffs' motion and has given Defendants an opportunity to respond in writing and to appear at a hearing on May 6, 2016. See Minute Entry (dkt. 34). Defendants have not responded or appeared. For the reasons outlined below, the Court GRANTS Plaintiffs' motion for default judgment.

## II. LEGAL STANDARD

The Court may enter a default judgment upon motion by a plaintiff after entry of default by the Clerk. See Fed. R. Civ. P. 55(b). Whether to grant a motion for the entry of a default judgment is within the discretion of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint will be taken as true, except those relating to the amount of damages. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

In determining whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). The Court has subject matter jurisdiction here given that Plaintiffs bring federal trademark infringement claims against Defendants under 15 U.S.C. § 1114. See Complaint; 15 U.S.C. § 1121. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Furthermore, the Court has personal jurisdiction over Defendants because Defendants committed the alleged trademark infringement and unfair competition in this district. Id. ¶ 8. The Court thus concludes that it has "jurisdiction over both the subject matter and the parties." See Tuli, 172 F.3d at 712; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

## III. DISCUSSION

This Court examines the following factors in determining whether to enter a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the likelihood of obtaining a decision on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Here, these factors weigh in favor of granting Plaintiffs' motion for default judgment.

Under the first factor, absent a default judgment, Plaintiffs will not be compensated for losses suffered from trademark infringement and will not be able to protect their marks. See, e.g., Wilamette Green Innovation Ctr., LLC v. Quartis Capital Partners, No.

4

14-cv-00848, 2014 WL 5281039, at *6 (N.D. Cal. 2014) (citations omitted) ("Denying a plaintiff a means of recourse is by itself sufficient to meet the burden posed by this factor.").

The second and third Eitel factors—concerning the merits of Plaintiffs' substantive claims and the sufficiency of their Complaint—also weigh in favor of granting default judgment here. See Compl. at 16–26; Eitel, 782 F.2d at 1471–72. Plaintiffs have alleged both state and federal trademark and unfair competition causes of action in their Complaint. See generally Compl. (dkt. 22). The Court concludes that (a) Plaintiffs have adequately pleaded a trademark infringement claim,[2] and (b) analysis of the remaining claims is unnecessary because the remedies sought here are available based on the trademark claim alone, see Rolex Watch, U.S.A., Inc. v. Michel Co., 179 F.3d 704, 708 n.6 (9th Cir. 1999); U–Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1041–42 (9th Cir. 1986).

Turning to the fourth Eitel factor, if the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. See Eitel, 782 F.2d at 1472 (three-million dollar judgment weighed against default judgment). Here, Plaintiffs do not request damages or permanent injunctive relief against Defendants—they only request permission to dispose of the counterfeit items they have seized and also request exoneration of their bond. See Motion (dkt. 34) at 3.

Turning to the remaining factors, there is no possibility of dispute over material facts here because, upon an entry of default by the Clerk, the factual allegations of the plaintiff's complaint related to liability are taken as true. See Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008). Furthermore, there is no evidence of excusable

---

[2] To prevail on a trademark infringement claim under Section 32 of the Lanham Act, a plaintiff must show: (1) "that it owns a valid mark, and thus a protectable interest," and (2) "that the alleged infringer's use of the mark is likely to cause confusion." KP Permanent Make-Up, Inc. v. Lasting Impression, Inc., 408 F.3d 596, 602 (9th Cir. 2005) (quoting 15 U.S.C. § 1114(1)(a)). Plaintiffs have adequately alleged that they own valid trademarks covering the items at issue here. See Compl. ¶ 22–25. The Court concludes that Plaintiffs have also properly alleged likelihood of confusion under the test established in AMF Inc. v. Sleekcraft Boats. See 599 F.2d 341, 348–49 (9th Cir. 1979); Compl. ¶¶ 57, 80, 105. The items at issue here are allegedly counterfeits that are closely similar to the marks Plaintiffs are attempting to protect. See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 945 (9th Cir. 2011) ("[T]here is a likelihood of confusion . . . when the offending mark is a counterfeit mark, or a mark virtually identical to the previously registered mark coupled with the intent to pass off or borrow from established good will.").

neglect by Defendants, given that they were properly served. See Proof of Service (dkt. 30-3). Finally, although default judgments are generally disfavored compared to decisions on the merits, see Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985), Defendants' failure to appear has made a decision on the merits impossible. See Eitel, 782 F.2d at 1471–72. The Court thus concludes that the Eitel factors weigh in favor of default judgment, and GRANTS Plaintiffs' Motion for Entry of Default Judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion for Default Judgment. The Court ORDERS that judgment shall be entered in favor of Plaintiffs against Felannia Humphries, Christophe Duckett, Ramon Hernandez, Jr., and Nigel Piers Nelson.

The Court further ORDERS that Plaintiffs may dispose of the counterfeit items seized pursuant to the February 2, 2016 Order by donating such items abroad through third-party organizations or otherwise, or if reasonably necessary, by destroying such items. Finally, the Court ORDERS that Plaintiffs' bond in the amount of $75,000 (Receipt No. 34611112591) is hereby exonerated, and the Clerk of the Court shall release the bond to Plaintiffs' counsel.

**IT IS SO ORDERED.**

Dated: May 6, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE